ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>XSTREAM SYSTEMS, INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 11-11086-CSS<br><br>Re: Docket No. 5 |

### ORDER (A) AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND OBTAIN INTERIM POST-PETITION FINANCING AND SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§ 105 AND 364(c); AND (B) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1], dated April 11, 2011, of XStream Systems, Inc., the debtor and debtor in possession in the above-captioned case (the "Debtor" or "Borrower"), pursuant to sections 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3) and 364(d) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Rules 2002, 4001(c), and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking, among other things, authorization for the Debtor to:

(1)  use Cash Collateral (as such term is defined in section 363 of the Bankruptcy Code);

(2)  obtain post-petition loans (the "Loans") on an interim basis for a period through and including the date of the Final Hearing (as hereinafter defined) from XSI, LLC. ("Lender"), in accordance with the terms and conditions set forth in the Pre-Petition Financing Agreements (as hereinafter defined), and in accordance with the Budget (as hereinafter defined) and this Order, pursuant to sections 364(c) of the Bankruptcy Code;

(3) granting Lender pursuant to §§ 361(2) and 363(e) of the Bankruptcy Code replacement liens as adequate protection to the extent the Debtor's use of cash collateral results in a decrease of value of the Lender's interest in such property; and

---

[1]  All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

(4) granting to Lender a super-priority administrative claim status pursuant to section 364(c)(1) of the Bankruptcy Code in respect of the Loans.

Notice of the Motion and the First Interim Hearing (as defined below) (the "Notice") for the relief granted herein having been given by the Debtor serving the Notice on (i) the Lender; (ii) United States Trustee for the District of Delaware (the "U.S. Trustee"); (iii) holders of the twenty (20) largest unsecured claims against the Debtor's estates (the "20 Largest Unsecured Creditors"); (iv) the Internal Revenue Service ("IRS"); (v) all landlords, owners, and/or operators of premises at which the Debtor's inventory and/or equipment is located; and (vi) certain other parties identified in the certificate of service filed with the Court, including, without limitation, all creditors who have filed or recorded pre-petition liens or security interests against any of the Debtor's assets (collectively, the "Noticed Parties");

The initial hearing on the Motion having been held by this Court on April 12, 2011 (the "First Interim Hearing") and continued until April 25, 2011 at 11a.m. (as may be further continued or adjourned, the "Second Interim Hearing");

Upon the record made by the Debtor at the First Interim Hearing, including the Motion and the filings and pleadings in the Case, and good and sufficient cause appearing therefore;

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACTS AND CONCLUSIONS OF LAW:

A. _Petition_. On April 8, 2011 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. _Jurisdiction and Venue_. The Court has jurisdiction of this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. The Motion

is a "core" proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (D), and (M). Venue of the Debtor's bankruptcy case (the "Cases") and the Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. Notice. The Notice given by the Debtor of the Motion, the First Interim Hearing and the relief granted under this Order has been given pursuant to Bankruptcy Rule 4001(c).

Based upon the foregoing, including the record made by the parties at the hearing and observations of the Court and after due consideration and good cause having been found;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:

Section 1. Authorization and Conditions to Financing.

1.1 Motion Granted. The Motion is granted in accordance with Bankruptcy Rule 4001(b) and (c) to the extent provided in this Order. This Order shall hereinafter be referred to as the "First Interim Order."

1.2 Authorization to Use Cash Collateral. Borrower is hereby authorized and empowered to immediately use Cash Collateral in accordance with the Budget.

1.3 Borrow and Use of Loan Proceeds. Borrower is hereby authorized and empowered to immediately borrow and obtain Loans and to incur indebtedness and obligations owing to Lender as administrative unsecured loan with the priority provided for by Section 364(c)(1) of the Bankruptcy Code during the period commencing on the date of this First Interim Order through and including the conclusion of the Second Interim Hearing **in an amount not to exceed $5,000.00** in accordance with the Budget. Subject to the terms and conditions contained in this First Interim Order, the Budget and the Financing Agreements, Borrower shall use the proceeds of the Loans and any other credit accommodations provided to Borrower or pursuant to this First Interim Order for first, payment of premiums to insure the estate, and then *inter alia*, the payment of general operating and working capital purposes in the ordinary course of Debtor's business in accordance with the Financing Agreements.

1.4 <u>Adequate Protection.</u> Lender is hereby granted, as adequate protection pursuant to §§ 361(2) and 363(e) of the Bankruptcy Code, replacement liens in the form of continuing security interests in all property of the Debtor to the extent that the Debtor acquired such property after the filing of the petition (and all proceeds thereof), such replacement collateral is not already subject to liens of Lender as proceeds of its pre-petition collateral, and such replacement collateral is of the nature and type of collateral which Lender claimed a security interest in prior to the Petition Date. Such liens shall have the same validity, priority and extent as Lender's prepetition liens were perfected and enforceable. No other liens or claims are or will be prior to or on a parity with the liens or claims of Lender with respect to such replacement collateral, provided that such security interests shall be subject and subordinate to fees payable pursuant to 28 U.S.C. §1930. Lender shall not be required to file financing statements or record any lien in any jurisdiction or take any other action in order to validate and perfect the security interests and liens granted to it herein.

1.5 <u>Section 507(b) Priority.</u> To the extent any form of adequate protection of the Lender's interests is insufficient to pay indefeasibly in full all Pre-Petition Obligations, Lender shall also have the priority in payment afforded by section 507(b) to the extent of any such diminution of its pre-petition collateral as a result of the Loan authorized by this Order.

Section 3. <u>Effect of Subsequent Orders.</u>

Nothing contained herein shall prejudice the Debtor's request at the Second Interim Hearing that the use of Cash Collateral and the Loans made pursuant to this First Interim Order be afforded the status sought in the Interim Motion.

Section 4. <u>Binding Effect.</u> This First Interim Order shall be binding upon the Debtor, all parties in interest in the Case, and their respective successors and assigns, including any trustee or other fiduciary appointed in the Case or a subsequently converted bankruptcy case of the Debtor. This Interim Order shall also inure to the benefit of Lender, Debtor, and their respective

successors and assigns. The provisions of this Interim Order, and any actions taken pursuant thereto, shall be effective immediately upon entry of this Interim Order pursuant to Bankruptcy Rules 6004(g) and 7062, shall continue in full force and effect, and shall survive entry of any such other order, including without limitation any order which may be entered confirming any plan of reorganization, converting the Case to any other chapter under the Bankruptcy Code, or dismissing the Case.

Section 5.    Second Interim Hearing and Response Dates.

Pursuant to the Notice filed April 13, 2011 (Docket No. 15), the Second Interim Hearing shall be held on April 25, 2011 at 11:00 a.m. All objections to the relief sought in the Interim Motion shall be made at the Second Interim Hearing.

Section 6.    Insurance.

On or before April 18, 2011, the Debtor shall provide the Office of the United States Trustee with written evidence of insurance coverage either by way of an insurance binder or Certificates of insurance issued from an insurer. In the event the Debtor fails to provide such evidence, the Office of the United States Trustee may file a Certificate of Counsel indicating the Debtor's failure to obtain appropriate insurance and this Court may take all actions it deems appropriate without further notice being required.

Dated: April 18, 2011
Wilmington Delaware

HON. CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE