B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## District of Delaware

In re   **XStream Systems, Inc.**                                    Case No.  **11-11086(CSS)**
                                       Debtor(s)                     Chapter   **11**

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None ☐   State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$9,000.00** | **2011 YTD:** |
| **$0.00** | **2010** |
| **$271,520.00** | **2009** |

**2. Income other than from employment or operation of business**

None ☐ State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $1,097,988.00 | Series C Preferred Stock, Issued March 2009-August 2009 |
| $1,960,242.00 | Series D Preferred Stock, Issued October 2009 |

**3. Payments to creditors**

None ■ *Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☐ b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| See Schedule 3(b) Attached | | $0.00 | $0.00 |

None ☐ c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| See Schedule 3(c) Attached | | $0.00 | $0.00 |

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Kimball International, Inc and Kimball Electronics Inc v Xstream Systems, Inc 0308-cv-00135-RLY-WGH | | US District Court/ Southern District of Indiana/ Evansville Division | Docketed Confession of Judgement |

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

None ☐ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Kimball International, Inc.**<br>**1600 Roal Street**<br>**Attn: Donald Charron**<br>**Jasper, IN 47549** | | **$19,722.33 on 6/16/10** |

### 5. Repossessions, foreclosures and returns

None ■ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 6. Assignments and receiverships

None ■ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7. Gifts

None ■ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8. Losses

None ■ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

### 9. Payments related to debt counseling or bankruptcy

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**See Schedule 9 Attached**

### 10. Other transfers

None ■ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11. Closed financial accounts

None ■ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

### 12. Safe deposit boxes

None ■ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

None ■ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person

None ☐ List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| **Vendor Lease Management**<br>1719 Route 10 East<br>Suite 306<br>Parsippany, NJ 07054 | **XTS250 Machine** | **Sebastian, Florida Facility** |

### 15. Prior address of debtor

None ■ If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

### 16. Spouses and Former Spouses

None ■ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

18 . Nature, location and name of business

None ■ a. *If the debtor is an individual,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None ■ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME            ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

19. Books, records and financial statements

None ☐ a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Thaw, Vallery**<br>**5626 Sunberry Circle**<br>**Fort Pierce, FL 34951** | **7/09 - Present** |
| **Christie Butler** | **2007 - 12/09** |
| **Cummings, Dennis**<br>**9 Morley La.**<br>**Darien, CT 06820** | **1/10-12/10** |

None ☐ b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| **McGladrey & Pullen** | **5155 Paysphere Circle** | |

None ☐ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| Thaw, Vallery | 5626 Sunberry Circle<br>Fort Pierce, FL 34951 |

None ☐    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **S-1 Statements**<br>**Filed with the Securities and Exchange Commission** | |

### 20. Inventories

None ■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|

None ■    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

### 21. Current Partners, Officers, Directors and Shareholders

None ■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ☐    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **Odeen, Philip**<br>11050 Turtle Beach Road<br>North Palm Beach, FL 33408 | **Director** | |
| **Kennedy, Robert**<br>47 Shinnecock Road<br>Quogue, NY 11959 | **Director** | |
| **Ferro, Dennis**<br>100 Dove Plum Road<br>Vero Beach, FL 32963 | **Director** | |

**See Attached**
**Excerpt from August 20, 2010 S-1 Statement**
**For list of all Beneficial owners holding more tha**
**5% of the Debtor's Equity**

### 22. Former partners, officers, directors and shareholders

None ■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☐ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| Mayo, Brian<br>320 Reef Rd.<br>Vero Beach, FL 32963 | **President** | **11/01/10** |
| Simon Irish<br>c/o Robinson & Cole | **Director** | **3/21/11** |
| Anthony Chidoni<br>c/o Robinson & Cole | **Director and Co-CEO** | 3/21/11 |
| Melone, Joseph<br>1020 Lake House Drive<br>North Palm Beach, FL 33408 | **Director** | **3/29/11** |
| Lowrey, James<br>12032 East End<br>North Palm Beach, FL 33408 | **Chairman & Co-CEO** | **4/1/11** |
| Chalwa, Ash<br>PDM Healthcare<br>24700 Center Ridge Rd. Suite 110<br>Westlake, OH 44145 | **Director** | **2/18/11** |
| Dr. E. Darcott Vaughan, Jr. | **Director** | **4/5/11** |
| Dr. Stuart L. Weinstein | **Director** | **2011** |
| Clock, Alan | **VP Sales and Marketing** | **12/31/10** |
| Butler, Christie | **CFO** | **1/10** |
| Earl, Patricia | **VP of Business Development** | **12/31/10** |
| Cummings, Dennis<br>9 Morley La.<br>Darien, CT 06820 | **CFO** | **12/31/10** |
| Murphy, John | **Director of Communications** | **2011** |

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☐ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS<br>OF RECIPIENT,<br>RELATIONSHIP TO DEBTOR<br>**See Payment Schedules Attached** | DATE AND PURPOSE<br>OF WITHDRAWAL | AMOUNT OF MONEY<br>OR DESCRIPTION AND<br>VALUE OF PROPERTY |
|---|---|---|

---

**24. Tax Consolidation Group.**

None ■ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION        TAXPAYER IDENTIFICATION NUMBER (EIN)

### 25. Pension Funds.

None ■ If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

NAME OF PENSION FUND                          TAXPAYER IDENTIFICATION NUMBER (EIN)

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date 5/18/11            Signature *Kim Hetzel Salbello*
**Kim Hetzel Salbello**
**Chief Restructuring Officer**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# Schedule 3(b)

# XStream Systems, Inc
## Custom Transaction Detail Report
### January 8 through April 8, 2011

| | Type | Date | Num | Amount |
|---|---|---|---|---:|
| **ACC BUSINESS** | | | | |
| | Bill Pmt -Check | 01/20/2011 | Chkbyphn | -2,410.82 |
| Total ACC BUSINESS | | | | -2,410.82 |
| **ALAN CLOCK (reimb)** | | | | |
| | Check | 01/18/2011 | Wire | -4,000.00 |
| | Bill Pmt -Check | 02/07/2011 | 5005 | -2,000.00 |
| Total ALAN CLOCK (reimb) | | | | -6,000.00 |
| **ALBERTO RIVERA (reimb)** | | | | |
| | Check | 01/18/2011 | Wire | -3,187.12 |
| Total ALBERTO RIVERA (reimb) | | | | -3,187.12 |
| **ALTON GRAAF (reimb)** | | | | |
| | Check | 01/18/2011 | wire | -5,179.08 |
| | Bill Pmt -Check | 02/07/2011 | online 2 | -2,000.00 |
| | Check | 03/11/2011 | Cash withd | -3,400.00 |
| | Check | 04/08/2011 | wire | -3,400.00 |
| Total ALTON GRAAF (reimb) | | | | -13,979.08 |
| **APPTIX INC** | | | | |
| | Bill Pmt -Check | 01/31/2011 | 4711 | -592.22 |
| | Bill Pmt -Check | 03/09/2011 | Debit | -551.40 |
| Total APPTIX INC | | | | -1,143.62 |
| **AT & T** | | | | |
| | Check | 02/09/2011 | Debit | -1,199.11 |
| | Check | 02/11/2011 | Debit | -50.00 |
| | Check | 03/17/2011 | Debit | -218.39 |
| Total AT & T | | | | -1,467.50 |
| **CHARLES DOZIER (reimb)** | | | | |
| | Check | 01/18/2011 | wire | -6,713.25 |
| Total CHARLES DOZIER (reimb) | | | | -6,713.25 |
| **FLORIDA DEPT OF REVENUE** | | | | |
| | Check | 04/04/2011 | debit | -51.38 |
| Total FLORIDA DEPT OF REVENUE | | | | -51.38 |
| **Gersten Savage LLP** | | | | |
| | Check | 01/26/2011 | Wire | -75,000.00 |
| Total Gersten Savage LLP | | | | -75,000.00 |

# XStream Systems, Inc
# Custom Transaction Detail Report
## January 8 through April 8, 2011

| Type | Date | Num | Amount |
|---|---|---|---|

**Go Daddy**

| | | | |
|---|---|---|---|
| Check | 03/11/2011 | 5007 | -40.88 |

Total Go Daddy     -40.88

**INTERNAL REVENUE SERVICE**

| | | | |
|---|---|---|---|
| Bill Pmt -Check | 04/04/2011 | cash | -562.54 |

Total INTERNAL REVENUE SERVICE     -562.54

**K-SAL Group LLC**

| | | | |
|---|---|---|---|
| Check | 03/21/2011 | Wire | -2,500.00 |
| Check | 03/22/2011 | wire | -9,000.00 |
| Check | 03/31/2011 | wire | -3,500.00 |
| Check | 04/07/2011 | Transfer | -5,000.00 |

Total K-SAL Group LLC     -20,000.00

**Office Depot**

| | | | |
|---|---|---|---|
| Check | 03/28/2011 | Debit | -246.09 |

Total Office Depot     -246.09

**PAUL J MICCICHE (reimb)**

| | | | |
|---|---|---|---|
| Check | 01/18/2011 | Wire | -4,000.00 |
| Bill Pmt -Check | 02/07/2011 | online 3 | -2,000.00 |
| Check | 03/11/2011 | cash with | -4,000.00 |
| Check | 04/08/2011 | cash | -5,000.00 |

Total PAUL J MICCICHE (reimb)     -15,000.00

**ROSIE ADAMS (reimb)**

| | | | |
|---|---|---|---|
| Check | 01/18/2011 | wire | -2,218.04 |

Total ROSIE ADAMS (reimb)     -2,218.04

**The Bayard Firm**

| | | | |
|---|---|---|---|
| Check | 04/07/2011 | Transfer | -13,539.00 |

Total The Bayard Firm     -13,539.00

**Vallery Thaw**

| | | | |
|---|---|---|---|
| Bill Pmt -Check | 01/18/2011 | wire | -1,000.00 |
| Check | 01/18/2011 | wire | -2,939.50 |
| Bill Pmt -Check | 02/10/2011 | 4712 | -500.00 |
| Check | 02/28/2011 | cash withd | -1,000.00 |

Total Vallery Thaw     -5,439.50

**Vallery Thaw-McCrary**

| | | | |
|---|---|---|---|
| Check | 03/28/2011 | Cash | -1,000.00 |

Total Vallery Thaw-McCrary     -1,000.00

# XStream Systems, Inc
## Custom Transaction Detail Report
### January 8 through April 8, 2011

| Type | Date | Num | Amount |
|---|---|---|---|
| **Wachovia Bank** | | | |
| Check | 01/11/2011 | ACH | -40.00 |
| Check | 02/09/2011 | ACH | -421.51 |
| Check | 03/09/2011 | ach | -40.38 |
| **Total Wachovia Bank** | | | -501.89 |
| **TOTAL** | | | **-168,500.71** |

**Schedule 3(c)**

# XStream Systems, Inc
# Custom Transaction Detail Report
## April 8, 2010 through April 8, 2011

| Type | Date | Num | Name | Amount |
|---|---|---|---|---|
| **Apr 8, '10 - Apr 8, 11** | | | | |
| Check | 07/21/2010 | 997 | ALAN CLOCK (reimb) | 4,000.00 |
| Check | 08/18/2010 | 1011 | ALAN CLOCK (reimb) | 4,000.00 |
| Check | 09/20/2010 | 1020 | ALAN CLOCK (reimb) | 4,000.00 |
| Check | 10/18/2010 | 1033 | ALAN CLOCK (reimb) | 4,000.00 |
| Check | 11/19/2010 | 1049 | ALAN CLOCK (reimb) | 4,000.00 |
| Check | 01/18/2011 | Wire | ALAN CLOCK (reimb) | 4,000.00 |
| Bill Pmt -Check | 02/07/2011 | 5005 | ALAN CLOCK (reimb) | 2,000.00 |
| Bill Pmt -Check | 09/02/2010 | 4684 | ALAN CLOCK (reimb) | 676.60 |
| Bill Pmt -Check | 08/24/2010 | | ALAN CLOCK (reimb) | 86.01 |
| | | | **ALAN CLOCK (reimb) Total** | 26,762.61 |
| Bill Pmt -Check | 09/03/2010 | 4695 | IRISH, SIMON | 1,167.38 |
| | | | **IRISH, SIMON Total** | 1,167.38 |
| Bill Pmt -Check | 09/02/2010 | 4688 | PAT EARL (reimb) | 2,902.91 |
| Check | 07/21/2010 | 998 | PAT EARL (reimb) | 2,000.00 |
| Check | 08/18/2010 | 1012 | PAT EARL (reimb) | 2,000.00 |
| Check | 09/20/2010 | 1021 | PAT EARL (reimb) | 2,000.00 |
| Check | 10/18/2010 | 1034 | PAT EARL (reimb) | 2,000.00 |
| Check | 11/19/2010 | 1050 | PAT EARL (reimb) | 2,000.00 |
| Bill Pmt -Check | 08/24/2010 | | PAT EARL (reimb) | 458.90 |
| | | | **PAT EARL (reimb) Total** | 13,361.81 |
| Check | 04/08/2011 | cash | PAUL J MICCICHE (reimb) | 5,000.00 |
| Check | 07/21/2010 | 996 | PAUL J MICCICHE (reimb) | 4,000.00 |
| Check | 08/18/2010 | 1010 | PAUL J MICCICHE (reimb) | 4,000.00 |
| Check | 09/20/2010 | 1022 | PAUL J MICCICHE (reimb) | 4,000.00 |
| Check | 10/18/2010 | 1035 | PAUL J MICCICHE (reimb) | 4,000.00 |
| Check | 11/19/2010 | 1051 | PAUL J MICCICHE (reimb) | 4,000.00 |
| Check | 01/18/2011 | Wire | PAUL J MICCICHE (reimb) | 4,000.00 |
| Check | 03/11/2011 | cash with | PAUL J MICCICHE (reimb) | 4,000.00 |
| Bill Pmt -Check | 02/07/2011 | online 3 | PAUL J MICCICHE (reimb) | 2,000.00 |
| | | | **PAUL J MICCICHE (reimb) Tot** | 35,000.00 |
| | | | **Grand Total** | 76,291.80 |

**Apr 8, '10 - Apr 8, 11**

**Schedule 9**

## SCHEDULE OF RETAINERS PAID TO PROFESSIONALS

| Payee | Date | Amount |
|---|---|---|
| Gersten Savage | 12/23/2010 | $40,000 |
| Gersten Savage | 12/28/2010 | $15,000 |
| Gersten Savage | 1/3/2011 | $5,000 |
| Gersten Savage | 1/10/2011 | $10,000 |
| Gersten Savage | 1/18/2011 | $5,000 |
| K-Sal Group LLC | Various | 15,000.00 |
| K-Sal Group LLC | 7-Apr | 5,000.00 |
| Bayard Firm | 7-Apr | 13,539.00 |
| Gersten Savage | 7-Apr | 75,000.00 |