# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>XSTREAM SYSTEMS, INC.[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 11-11086(CSS) |
| XSTREAM SYSTEMS, INC.<br><br>Plaintiff,<br><br>Against<br><br>KIMBALL INTERNATIONAL, INC. and<br>KIMBALL ELECTRONICS, INC.<br><br>Defendants. | Adversary Proceeding No. 11-_____ |

## COMPLAINT TO DETERMINE VALIDITY AND EXTENT OF LIENS
## AND FOR AVOIDANCE OF LIENS

XStream Systems, Inc., (the "Debtor") the above-captioned debtor and debtor-in-possession, by its undersigned attorneys, bring this action against Kimball International, Inc. ("Kimball") and Kimball Electronics Inc. ("Kimball Electronics", and with Kimball, the "Defendants"), pursuant to Sections 105 and 544(a) of Title 11 (the "Bankruptcy Code"), Section 2201 of Title 28, and 7001(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking declaratory relief regarding the extent and validity of the Defendants' liens and avoiding unrecorded liens as alleged below.

---

[1] The last four digits of the Debtor's federal tax identification number are: 0466. The Debtor's mailing address for purpose of this case is 10305 102nd Terrace, Suite 101, Sebastian, FL 32958.

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a Core proceeding pursuant to 28 U.S.C. § 157(b)(2)(k).

2. Venue is this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. THE PARTIES

3. At all relevant times the Debtor was and is a corporation organized under the laws of the State of Delaware.

4. At all relevant times Kimball and Kimball Electronics were and are corporations organized under the laws of the State of Indiana.

## III. FACTUAL BACKGROUND

5. On or about September 6, 2006, the Debtor and Kimball entered into a term loan agreement.

6. On February 8, 2010, Kimball obtained a judgment in state court in Florida against the Debtor for indebtedness owed pursuant to the term loan agreement in the amount of $3,200,000.00.

7. On May 3, 2010, Kimball filed a Judgment Lien Certificate (the "Judgment Lien") regarding its $3,200,000 judgment with the Florida Secretary of State.

8. Other than its filing of the Judgment Lien Certificate with the Florida Secretary of State, Kimball has not taken any action to perfect a lien based on its judgment against the Debtor.

9. Kimball has not filed any liens against the Debtor in the State of Delaware or otherwise taken any action in any jurisdiction pursuant to Article 9 of the Uniform Commercial Code to perfect an interest in any assets of the Debtor.

10. On April 8, 2011 (the "Petition Date"), the Debtor filed for relief under chapter 11 of the Bankruptcy Code.

11. The Debtor continues to manage its affairs as debtor-in-possession pursuant to Bankruptcy Code Sections 1107 and 1108.

12. On May 10, 2011, the Office of the United States Trustee appointed an official committee of unsecured creditors in the case.

13. The Debtor possesses tangible personal property in the state of Florida (the "Florida Assets"). The Debtor also owns intellectual property - including trademarks, trade secrets and knowhow, copyright rights, including proprietary computer algorithms and business processes and one or more exclusive licenses - and certain tangible personal property located outside the state of Florida (the "Non-Florida Assets").

14. On or about April 22, 2011, Kimball filed its *Limited Objection to Motion for Order Authorizing Debtor to Obtain Post-Petition Financing and Grant Security Interests and Superpriority Administrative Expense Status, Etc.* (the "Limited Objection") in this Chapter 11 case. In the Limited Objection, Kimball intimated that by virtue of the Judgment Lien or an unrecorded lien, either Kimball or Kimball International, or both of them, may hold liens against the Non-Florida Assets.

15. On or about May 10, 2011, Kimball filed its Response to Debtor's Letter to Court Dated May 9, 2011 (the "Response"). In the Response, Kimball again intimated that by virtue of the Judgment Lien or an unrecorded lien, either Kimball or Kimball International, or both of them, may hold liens against the Non-Florida Assets.

16. The Defendants have provided no factual or legal basis for their assertions that they hold liens against the Non-Florida Assets.

## IV.     RELIEF REQUESTED

### First Count (Declaratory Relief as to Validity or Extent of the Defendants' Liens)

17.     The Debtor repeats and realleges paragraphs 1 through 16 as if fully set forth herein.

18.     The Defendants' liens, if any, including the Judgment Lien, do not attach to the Non-Florida Assets as a matter of law.

19.     There is no legal basis sustaining the validity or extent of the Defendants' liens, if any, against the Non-Florida Assets and, accordingly, an actual, genuine and justiciable controversy exists as to the validity or extent of the Defendants' liens, if any, on the Non-Florida Assets.

20.     By reason of the foregoing, declaratory relief is both necessary and proper to set forth and determine the validity and extent of the Defendants' liens, if any, on the Non-Florida Assets.

### Second Count (Avoidance of any Unrecorded Liens)

21.     The Debtor repeats and realleges paragraphs 1 through 21 as if fully set forth herein.

22.     To the extent the Defendants hold an unrecorded lien against the Non-Florida Assets, such unrecorded lien is avoidable by the Debtor pursuant to Bankruptcy Code Section 544(a).

23.     The Debtor, therefore, seeks an order avoiding unrecorded liens, if any, that the Defendants may hold regarding the Non-Florida Assets.

WHEREFORE, the Debtor respectfully requests the Court enter judgment in its favor against the Defendants as follows:

A. Declaring the Judgment Lien is not a valid or enforceable lien on the Non-Florida Assets under applicable law;

B. Declaring that any unrecorded lien that either Kimball or Kimball Electronics holds is not a valid or enforceable lien on the Non-Florida assets under applicable law;

C. Avoiding any unrecorded lien that either Kimball or Kimball Electronics holds on the Non-Florida Assets; and

D. Granting such other and further relief as this Court may deem just and proper.

Date: June 21, 2011
Wilmington, Delaware

                          BAYARD, P.A.

                          */s/ Jamie L. Edmonson*
                          Jamie L. Edmonson (No. 4247)
                          Daniel A. O'Brien (No. 4897)
                          222 Delaware Avenue, Suite 900
                          Wilmington, DE 19801
                          Phone: (302) 655-5000
                          Facsimile: (302) 658-6395

                          -and-

                          GERSTEN SAVAGE, LLP
                          Paul Rachmuth
                          600 Lexington Avenue
                          New York, New York 10022
                          Telephone: (212) 752-9700
                          Facsimile: (212) 980-5192

                          *Counsel for the Debtor and Debtor in Possession*