IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| XSTREAM SYSTEMS, INC. | ) | Case No. 11-11086 (CSS) |
| | ) | **Hearing Date: July 5, 2011 @ 10:00 a.m.** |

## OBJECTION TO MOTION OF THE DEBTOR FOR AN ORDER (I) APPROVING BIDDING PROCEDURES FOR THE SALE OF THE DEBTOR'S ASSETS, AND (II) SCHEDULING AN AUCTION IN CONNECTION WITH THE SALE

Kimball International, Inc. ("Kimball"), a secured creditor of debtor Xstream Systems, Inc. ("Debtor"), by counsel, respectfully objects to Debtor's "Amended Motion of the Debtor for an Order (I) Approving Bidding Procedures for the Sale of the Debtor's Assets, and (II) Scheduling an Auction in Connection with the Sale" (the "Sale Procedures Motion") on the following grounds:

### I. SUMMARY OF OBJECTION

1. The Debtor's proposed bid procedures fail to afford Kimball the right to credit bid its secured claim, which exceeds $2,000,000.00, for the assets subject to its judgment lien, contrary to Section 363(k) of Title 11 of the United States Code (the "Bankruptcy Code"). From inception, this case has been geared toward the goal of allowing an insider-controlled entity, XSI, Inc. ("XSI") to acquire all of the Debtor's assets by paying little more than the pre-petition and post-petition professional fees necessary to prepare for bankruptcy, file chapter 11 and implement a sale procedure.

{11103:MOT:10145811.DOC}

2. Pursuant to Florida law, Kimball holds a first and prior lien on all tangible assets of the Debtor located in Florida at any time since May 3, 2010. Kimball believes that the most significant value of Debtor's assets is in X-Ray diffraction machines themselves.

3. Kimball objects to the Sale Procedures Motion because it favors the insider-controlled lender and stalking horse bidder and (a) restricts competing bids to bids for all assets of the Debtor; (b) requires competing bids to be identical to the insider stalking horse bid; (c) deprives Kimball of the right to credit bid; and (d) arbitrarily and without substantiation, values all of the Debtor's tangible property at $30,000 by way of an allocation of purchase price contained in the stalking horse bid.

## II. KIMBALL'S SECURED CLAIM

4. On February 8, 2010 Kimball obtained a judgment against Debtor in the amount of Three Million Two Hundred Thousand Dollars ($3,200,000.00) in the United States District Court for the Southern District of Indiana in Cause No. 3:08-cv-00135-RLY-WGH (the "Judgment"). The Debtor listed a non-contingent, liquidated, and undisputed debt to Kimball on its Schedule D of $2,580,288.00.

5. On May 3, 2010 Kimball filed a "Judgment Lien Certificate" with the Florida Secretary of State pursuant to Florida Statute §55.203, which is assigned file number J10000549326.

6. Pursuant to Fla. Stat. § 55.202, the Judgment Lien Certificate provided Kimball a lien on "all personal property in [Florida] subject to execution under Fla. Stat. § 56.061, other than fixtures, money, negotiable instruments, and mortgages." In turn, Fla. Stat. § 56.061 provides, in pertinent part, that "lands and tenements, goods and chattels, equities of redemption

in real and personal property, and stock in corporations, shall be subject to execution."

7. As a result of the Judgment Lien Certificate, Kimball holds a secured claim on all goods and chattels located in Florida, and should be treated as a secured creditor in this bankruptcy. *See In re Stembridge*, 2007 Bankr. LEXIS 4672 (Bankr. S.D. Fla. 2007) (judgment creditor held a fully secured claim under 11 U.S.C. §506(a) because judgment, once registered with Florida Secretary of State, became a lien on all of the debtor's personal property located in Florida).

8. The Debtor did not list a value for any of its tangible personal property, including its X-Ray Defraction Equipment, or other equipment. Rather, the Debtor's schedules describe the equipment only generally as "X-Ray Diffraction Equipment" without elaboration regarding the number or type of machines it holds. As for intangible property, the Debtor has argued that the value of its assets lies in its "intellectual property." However, the Debtor has not identified **any** trademarks, patents or intellectual property rights that it owns.

### III. GROUNDS FOR OBJECTION

9. The Sale Procedures Motion does not provide Kimball with any opportunity to credit bid its secured claim. Section 363(k) of the Bankruptcy Code provides:

> At a sale under subsection (b) of this section of property that is subject to a lien that secures an allowed claim, unless the court for cause orders otherwise the holder of such claim may bid at such sale, and, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property.

10. Kimball is entitled to credit bid any portion of its lien, up to its full claim which is in excess of $2,000,000. In *Cohen v. KB Mezzanine Fund II, LP* (In re SubMicron Sys. Corp.), 432 F.3d 448, 459 (3rd Cir. 2006), the Third Circuit held that Section 363(k) empowers creditors

"to bid the total face value of their claims—it does not limit bids to claims economic value." The Court rejected the plan administrator's contention that a secured creditor's right to credit bid can be limited to the value of the secured creditor's collateral, noting that "it is well settled among district and bankruptcy courts that creditors can bid the full face value of their secured claims under 363(k)." The Court further noted that §506(a) is inapplicable, as Congress uses the term "allowed claim" when referring to both the secured and unsecured portions of its claim.

11. The Sale Procedures Motion fails to satisfy the requirements of Bankruptcy Code Section 363(f), which provides that a trustee may sell property under Section 363(b) only if: (1) applicable nonbankruptcy law permits a sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

12. It appears that the Debtor will attempt to obtain approval of the Sale Procedures Motion over Kimball's objection by arguing there is a "bone fide dispute." Specifically, the Debtor has commenced an adversary proceeding against Kimball, Adversary Proceeding No. 11-52347, ostensibly seeking to determine extent, validity and priority of liens. The Debtor argues in its Complaint that Kimball has somehow intimated that Kimball asserts an "unrecorded lien" against the Debtor's "intellectual property" and "tangible personal property located outside the State of Florida." (Complaint, ¶¶ 13-14).

13. Contrary to Debtor's suggestion, Kimball has been consistent that its secured claim arises by virtue of the Judgment Lien Certificate under Florida law. To the extent that

there is any confusion about what assets are subject to Kimball's lien, it is because the Debtor's schedules are vague, and in connection with the post-petition financing efforts, the Debtor and XSI sought a lien on "intellectual property," a term which the parties elected not define in their voluminous financing documents. Kimball was concerned that the Debtor and XSI would attempt to use a post-petition superpriority lien on "intellectual property" as a basis to assert that Kimball had no right to use the X-Ray Defraction Equipment for its intended purpose should Kimball acquire the equipment. Kimball's justifiable concern about the consequences of the insider controlled DIP financing process on Kimball's secured claim hardly creates the "bona fide dispute" which the Debtor apparently will now argue justifies the Court in approving the Sale Procedures Motion in its defective form.

14. Though "bona fide dispute" is not specifically defined by the Bankruptcy Code, the requirement is satisfied whenever there is some factual or legal dispute as to the validity of a debt. *Union Planters Bank, N.A. v. Burns* (In re Gaylord Grain L.L.C.), 306 B.R. 624, 627 (B.A.P. 8th Cir. 2004) (citing *In re Busick*, 831 F.2d 745, 750 (7th Cir. 1987) and *In re Octagon Roofing, Inc.*, 123 B.R. 583, 590 (N.D. Ill. 1991). As noted, Kimball disagrees that the Debtor has any good faith reason to assert a bona fide dispute exists about Kimball's *claim.* Nonetheless, the Debtor apparently argues that, because it questions the extent of Kimball's lien rights on *some* portion of the Debtor's assets, the Debtor can now use Section 363(f)(4) to justify the sale of *all* the Debtor's assets over Kimball's objection, even those on which there is no good faith basis to dispute Kimball's lien. There is no absolutely no authority for this proposition.

15. The Debtor contends its physical assets are negligible in value. If this is accurate, then there should be no harm in allowing Kimball to credit bid the Judgment for the

tangible personal property subject to its lien. As it stands, if the stalking horse bid is accepted, then Kimball stands to receive at best a portion of $30,000.00 on account of its secured claim. The Debtor previously threatened that to abandon the physical assets back to Kimball. Yet, when Kimball notified the Debtor that it would be happy to take the property, the Debtor refused Kimball's request.

WHEREFORE, Kimball respectfully requests that the Court:

(1) Sustain this Objection;

(2) Deny the Debtor's request for any motion to establish bidding procedures that does not include Kimball's right to credit bid its entire claim pursuant to 11 U.S.C. 363(k); and

(3) Grant Kimball all other just and proper relief.

Dated: June 28, 2011

SMITH, KATZENSTEIN & JENKINS LLP

/s/ Kathleen M. Miller
Kathleen M. Miller (I.D. No. 2898)
800 Delaware Avenue, 10th Floor
P.O. Box 410
Wilmington, DE 19899
Telephone: 302-652-8400
Telecopy: 302-652-8405
E-mail: kmiler@skjlaw.com

RUBIN & LEVIN, P.C.
James E. Rossow Jr.
Indiana Attorney No. 21063-29
500 Marott Center
342 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: 317-860-2893
Telecopy: 317-453-8619
E-mail: jim@rubin-levin.net
*Attorneys for Kimball International, Inc.*