# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| XSTREAM SYSTEMS, INC., | : | Case No. 11-11086 (CSS) |
| Debtor. | : | **Objection date: Extended to June 30, 2011**<br>**Hearing date: July 5, 2011 at 10:00 a.m.** |
| | : | **Related Docket No. 89** |

**LIMITED OBJECTION OF RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, TO AMENDED MOTION OF THE DEBTOR FOR AN ORDER (I) APPROVING BIDDING PROCEDURES FOR THE SALE OF THE DEBTOR'S ASSETS, AND (II) SCHEDULING AN AUCTION IN CONNECTION WITH THE SALE**

Rutgers, the State University of New Jersey ("Rutgers"), hereby presents its limited objection to the amended motion of XStream Systems, Inc. (the "Debtor") for an Order (I) Approving Bidding Procedures for the Sale of the Debtor's Assets, and (II) Scheduling An Auction in Connection with the Sale (the "Motion"). In support of this objection ("Objection"), Rutgers states as follows:

## BACKGROUND OF THE RUTGERS LICENSE AGREEMENT

1. Rutgers is the licensor with respect to an exclusive license agreement with the Debtor (also referred to as "Licensee") dated December 13, 2004 (the "Rutgers License Agreement"). Pursuant to the Rutgers License Agreement, Rutgers owns all right, title and interest in and to certain technology made in the course of research at Rutgers which is the subject of, among others, the issued United States patent and the application for United States Letter Patent RU Docket # 00-069- U.S. Patent No. 6,118,850, "Analysis Methods for Energy Dispersive X-Ray Diffraction Patterns" (the "Patent").

2. Pursuant to the Rutgers License Agreement, Rutgers owns all right, title and interest in and to the Patent.

3. The Debtor entered into the Rutgers License Agreement in order to obtain an exclusive license for the commercial development, manufacture, use and sale of products, systems, and services, with the right to grant sublicenses in connection with the collection of intellectual property referred to as the "Rutgers Technology." Page 3 of Rutgers License Agreement. "Rutgers Technology" means Rutgers Patent Rights[1], all information and know-how owned by Rutgers relating to the Rutgers Patent Rights, including all information and know-how reasonably necessary or useful to practice the Rutgers Patent Rights, and all Rutgers Data[2]. Section 1.3 of the Rutgers License Agreement.

4. The pertinent terms of the Rutgers License Agreement are as follows:

> Section 2.5 - <u>Ownership of Improvements</u>…All improvements to the Rutgers Technology that are jointly conceived or made by Licensee and Rutgers shall be jointly owned ("Joint Improvements"). Licensee shall promptly disclose to Rutgers the details of any Licensee Improvements or Joint Improvements. Licensee shall, at Rutgers' request, cooperate with and assist Rutgers in obtaining patent protection for any Joint Improvements…

5. Prior to the petition date, the Debtor defaulted on its payment obligations to Rutgers under the Rutgers License Agreement. Rutgers appears on Schedule F of the Debtor's bankruptcy schedules as a creditor holding an unsecured nonpriority claim in the amount of $1,301,700 ("<u>Cure Amount</u>").

---

[1] Section 1.8 - "Rutgers Patent Rights" means the patent and patent application identified in Exhibit A to the Rutgers License Agreement [which includes the Patent], and any issued patent or patent application that claims the priority of such patent and patent application, as well as any foreign patent(s) and patent application(s) corresponding to any of the foregoing (and regardless of whether a corresponding U.S. Patent issues or is maintained). Reissues, re-examinations, extensions, substitutions, continuations and divisions of the foregoing are also included.

[2] Section 1.7 - "Rutgers Data" means all information owned by Rutgers, including but not limited to that information which was or is disclosed at any time to Licensee, or its Affiliates, directly or indirectly from or through Rutgers, its units, employees, or consultants, relating to the intellectual property licensed to Licensee pursuant to the Rutgers License Agreement.

6. Additionally, on Schedule B (Personal Property), the Debtor lists "License with Rutgers University." On Schedule G (Executory Contracts), the Debtor lists "Patent licenses and agreements, including the Rudgers[sic] License Agreement, Rutgers Investor Rights Agreement, Rudgers[sic] COI Letter and Rdugers[sic] Options Agreement."

**RUTGERS'S OBJECTION**

7. It appears to be the Debtor's intent to sell its rights under the Rutgers License Agreement to XSI or to another successful bidder. The Debtor lists the Rutgers License Agreement on Schedule 1 to the Motion, which schedule is entitled "Debtor's Assets."

8. To date, however, the Debtor has not filed with the Court its Schedule 2.2 to the draft APA, which allegedly details which executory contracts will be assumed and assigned to the successful bidder. See Section 2.2 of the draft APA.

9. Rutgers objects to the sale of the Debtor's rights under the Rutgers License Agreement absent contemporaneous payment in full, in cash, of the Cure Amount due to Rutgers. Under Section 365 of the Bankruptcy Code, the Debtor can only assume and assign an executory contract, such as the Rutgers License Agreement, by first curing all defaults in full and providing adequate assurance of future performance by the assignee. 11 U.S.C. § 365(b)(1)(A), (B), (C).

10. To date, no process has been established for the submission of cure amounts for damages owed to Rutgers under the Rutgers License Agreement and neither the Debtor nor any other party has provided adequate assurance of future performance. The agreement cannot be assumed and assigned without a resolution of the Cure Amount.

11. Additionally, Rutgers objects to the defined term "Acquired Intellectual Property," which is used in the draft APA, as being overly broad.

12. Sections 10.7(a) and (b) of the draft APA state that the Debtor is the sole owner,

3

free and clear, of all "Acquired Intellectual Property," defined as intellectual property used in the operation of the Debtor's business, whether by virtue of ownership by the Debtor or license by the Debtor.

13. Rutgers is the owner of the patents underlying the License Agreement, which the Debtor has used in the operation of its business. The term "Acquired Intellectual Property" must be revised to ensure that it does not include Rutgers's patents.

14. Next, the term "Acquired Intellectual Property" is used in a misleading manner throughout the draft APA. In Section 10.7(k) of the draft APA, the Debtor states, "No funding, facilities, resources or personnel of any educational institution or governmental entity were used, directly or indirectly, to develop or create, in whole or in part, any Acquired Intellectual Property."

15. As all parties are aware, Rutgers is an educational institution. Further, it is Rutgers's understanding that its patents were used to develop, in whole or in part, the intellectual property that was or is used by the Debtor, and which the Debtor now seeks to sell. The intent of the Debtors in adding Section 10.7(k) to the draft APA is unclear, and the alleged statements of fact are simply untrue.

16. Section 10.7(k) of the draft APA also states that all Acquired Intellectual Property was either (i) developed on behalf of the Debtor by a third party and all ownership and other rights therein irrevocably assigned or otherwise transferred to or vested in the Debtor pursuant to written agreement; or (ii) developed by an employee of the Debtor acting within the scope of their employment and subject to an inventions and developments assignment agreement. Subject to the same objections noted above, Rutgers takes the position that this section inaccurate as it stands, and is an improper finding of fact for which no evidence has been provided.

17. Accordingly, Rutgers requests that the Debtor remove, or at a minimum, revise the offending descriptions of Acquired Intellectual Property from the draft APA and to the extent it is used throughout the pleadings and/or sale order.

WHEREFORE, Rutgers hereby objects to the Motion as set forth above and requests that the Motion be denied as submitted and that the Court grant such other and further relief as deemed just and proper.

Dated: June 30, 2011
Wilmington, DE

**McCARTER & ENGLISH, LLP**

By: /s/ Katharine L. Mayer
Katharine L. Mayer (DE Bar I.D. 3758)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
(302) 984-6399 Facsimile
(302) 984-2494 Direct Facsimile

*Counsel to Rutgers, the State University of New Jersey*

ME1 11758346v.3