ORIGINAL

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>XSTREAM SYSTEMS, INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 11-11086 (CSS)<br><br>Re: Docket No. 89, 92, 94, 97, 104, 105 |

## ORDER GRANTING AMENDED MOTION OF THE DEBTOR FOR AN ORDER (I) APPROVING BIDDING PROCEDURES FOR THE SALE OF THE DEBTOR'S ASSETS, AND (II) SCHEDULING AN AUCTION IN CONNECTION WITH THE SALE

Upon the motion (the "Motion")[1] of the Debtor pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order (i) approving the Bid Procedures, in connection with the Sale of the Assets, and (ii) scheduling an Auction in connection with the Sale; and the schedule and exhibits thereto; and this having conducted a hearing on the Motion on (the "Hearing"); and this court having taken testimony and considered the arguments raised at the Hearing and all other proceedings in this case held before this court; and after determining that (a) this court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; (b) due and proper notice of the Motion has been provided and no further notice of the Motion need be provided; (c) the

---

[1] All capitalized terms not herein defined shall have the meaning ascribed to them in the Motion.

relief requested in the Motion is in the best interest of the Debtor, its creditors and all other parties in interest; and (d) the legal and factual basis set forth in the Motion and at the Hearing establish just cause for the relief granted herein; it is hereby

**ORDERED** that the Motion is GRANTED to the extent set forth herein; and it is further

**ORDERED** that Streambank, in consultation with the Committee's professionals, will market the Assets and contact prospective purchasers; and it is further

**ORDERED** that the Committee may seek an expedited hearing if it and the Debtor cannot reasonably agree with respect to the Asset's marketing/sale procedures; and it is further

**ORDERED** that the Bid Procedures, a copy of which are annexed hereto as Exhibit "A", are approved in their entirety; and it is further

**ORDERED** that Assets shall be sold pursuant to the terms of the Bid Procedures, which include:

(a) Any party interested in conducting due diligence on the Debtor or Assets must execute a nondisclosure and confidentiality agreement (a "NDA") substantially in the form annexed to the Bid Procedures;

(b) Once an interested party executes a NDA, it will be allowed access to the Debtor's books, records and all relevant documents;

(c) All competing bids must be submitted by the Bid Deadline and include a mark-up of the XSI APA;

(d) Competing bids must be at least $20,000 greater than the XSI Bid Value;

(e) Bidders providing competing bids provide a good faith deposit of 10% of the bid amount (the "Good Faith Deposit") to be held in escrow;

(f) All bids will be considered valid, enforceable contracts;

(g) Bidding will start at the highest Qualifying Bid (as defined in the Bid Procedures), plus $20,000 and will continue in increments of at least $20,000 in cash (or such lower amount as the Debtor sets during the Auction; and

(h) Potential Bidders (as defined in the Bid Procedures) or Qualified Bidders (as defined in the Bid Procedures), including XSI, shall not be allowed any break-up, termination, or similar fee;

and it is further

**ORDERED** that, notwithstanding anything contained in the Motion, the Asset Purchase Agreement or this Order to the contrary, the sale contemplated herein shall not (a) transfer any intellectual property owned by Rutgers, the State University of New Jersey ("Rutgers") or (b) assume and assign the Debtor's rights as a licensee to license agreement with Rutgers without providing for the curing of all defaults thereunder; and it is further

**ORDERED** that, notwithstanding anything contained in the Motion, the Asset Purchase Agreement or this Order to the contrary, Kimball International, Inc. and Kimball Electronics, Inc. ("Kimball") may submit a 'credit bid' for the Debtor's physical assets which have been located in the State of Florida at any time from May 3, 2010 to present (the "Florida Assets"). Kimball shall be deemed a Qualified Bidder and is not required to provide a Good Faith Deposit to the extent it exercises its 'credit bid' rights regarding the Florida Assets; however, to the extent that Kimball bids on any other assets besides the Florida Assets, a Good Faith Deposit will be required; and it is further

**ORDERED** that within 5 business days of entry of this Order, the Debtor shall file and, via overnight courier service or electronic mail, transmit a notice to all counterparties to executory contracts and unexpired leases, which notice shall identify the (a) counter-party to such executory contract and unexpired lease, (b) contain a brief description of the subject contract or lease and (c) reflect the Debtor's calculation of any cure amount, if any, which may be due to such counterparty in the event such contract or unexpired lease is to be assumed pursuant to the provisions of 11 U.S.C. Section §365

(the "Cure Amount"). Counter-parties to executory contracts or unexpired leases must file with the Court and serve on (a) counsels to the Debtor, Gersten Savage LLP, 600 Lexington Avenue, 9th Floor, New York, NY 10022 (Attn: Paul A. Rachmuth), Email: prachmuth@gerstensavage.com; and Bayard, P.A. 222 Delaware Avenue, Wilmington, Delaware 19801 (Attn: Jamie Edmonson), Email: JEdmonson@bayardlaw.com; (b) Counsel to the Committee, Perkins Coie, 30 Rockefeller Plaza, 25th Floor, New York, New York 10122 (Attn: Schuyler Carroll); and (c) counsel to Proposed Buyers, Robinson and Cole, LLP, 280 Trumbull Street, Hartford, CT 06103 (Attn: Patrick Birney), Email: pbirney@rc.com, any objection to the Debtor's calculation of the Cure Amount, or to the Debtor's assumption or assignment of such contract or lease such that any such objections are filed and are served by 5:00 p.m., July 29, 2011. Failure to file an objection to the Cure Amount shall be deemed a waiver to object to the Debtor's Cure Amount; and it is further

**ORDERED** that a hearing to approve the results of the Auction is scheduled for August [10], 2011 at 10:00 a.m. before this Court; and it is further

**ORDERED** that the Debtor shall promptly mail copies of this Order and the Bidding Procedures to all parties that have filed a request for notices with this Court; and it is further

**ORDERED** that this court shall retain jurisdiction to hear all disputes arising from the implementation or interpretation this Order.

Dated: July 7, 2011
Wilmington, Delaware

Honorable Christopher S. Sontchi
United States Bankruptcy Judge