IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| XSTREAM SYSTEMS, INC. | ) | Case No. 11-11086 (CSS) |
| | ) | |
| | ) | **Hearing Date: August 10, 2011 @ 10:00 a.m.** |
| | ) | **Objection Deadline: August 1, 2011** |

## KIMBALL'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND FOR ABANDONMENT

Kimball International, Inc. and Kimball Electronics, Inc. ("Kimball"), a secured creditor

of debtor Xstream Systems, Inc. ("Debtor"), by counsel, pursuant to 11 U.S.C. §§ 362(d) and

554(b) moves for relief from the automatic stay to allow it to recover all of Debtor's tangible

personal property subject to Kimball's judgment lien (collectively, the "Tangible Assets") and

for an Order directing the Debtor to abandon the Tangible Assets on the following grounds:

### I. PARTIES

1.      Debtor filed its voluntary petition for relief under Title 11 of Chapter 11 of the

United States Code (the "Bankruptcy Code") on April 8, 2011 (the "Petition Date"). Since the

Petition Date, Debtor has operated as a debtor-in-possession pursuant to Sections 1107 and 1108

of the Bankruptcy Code.

2.      Kimball is a corporation organized and existing under the laws of the State of

Indiana.

### II. JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.

{11103:MOT:10147236.DOC}

4.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### III. KIMBALL'S SECURED CLAIM

6.      On February 8, 2010 Kimball obtained a judgment against Debtor in the amount of Three Million Two Hundred Thousand Dollars ($3,200,000.00) in the United States District Court for the Southern District of Indiana in Cause No. 3:08-cv-00135-RLY-WGH (the "Judgment"). A true and correct copy of the Judgment is attached hereto as Exhibit "A." The Debtor listed a non-contingent, liquidated, and undisputed debt to Kimball on its Schedule D of $2,580,288.00. The current balance owed Kimball exceeds $2,500,000.00.

7.      On May 3, 2010 Kimball filed a "Judgment Lien Certificate" with the Florida Secretary of State pursuant to Florida Statute §55.203, which is assigned file number J10000549326. A true and correct copy of the Judgment Lien Certificate is attached hereto as Exhibit "B."

8.      Pursuant to Fla. Stat. §55.202, the Judgment Lien Certificate provided Kimball a lien on "all personal property in [Florida] subject to execution under Fla. Stat. § 56.061, other than fixtures, money, negotiable instruments, and mortgages." In turn, Fla. Stat. § 56.061 provides, in pertinent part, that "lands and tenements, goods and chattels, equities of redemption in real and personal property, and stock in corporations, shall be subject to execution."

9.      As a result of the Judgment Lien Certificate, Kimball holds a secured claim on all goods and chattels that have at any time between May 3, 2010 and the Petition Date been located in Florida. Kimball is a secured creditor of Debtor. *See In re Stembridge*, 2007 Bankr. LEXIS 4672 (Bankr. S.D. Fla. 2007) (judgment creditor held a fully secured claim under 11 U.S.C.

§506(a) because judgment, once registered with Florida Secretary of State, became a lien on all of the debtor's personal property located in Florida).

10.     The Debtor did not list a value for any of its Tangible Assets, including its X-Ray Defraction Equipment, in its schedules. Nonetheless "Schedule 1" to the "Amended Motion of the Debtor for an Order (I) Approving Bidding Procedures etc." identifies four (4) XTS250 machines, two (2) of which are in Florida, one (1) in Ohio, and one (1) in Puerto Rico. (Amended Motion of the Debtor for an Order (I) Approving Bidding Procedures etc. (Docket No. 89), Schedule 1, hereafter "Sale Procedures Motion"). Debtor values the machines in Florida as $30,000.00, which is less than 6% of the total purchase price in the Stalking Horse Asset Purchase Agreement even assuming the value provided by the shares in XSI, LLC, which is part of the consideration of the proposed Stalking Horse Purchase, is $0.00. (Sales Procedures Motion ¶4.4). Of course, if the shares are deemed valuable, then that amount is significantly less than 6%.

## IV. GROUNDS FOR RELIEF

11.     Section 362(d)(1) of the Bankruptcy Code provides that relief from the automatic stay shall be granted "for cause" and cites "the lack of adequate protection of an interest in property" as an example of cause. Adequate protection is defined under Section 361 of the Bankruptcy Code as follows:

> (1) requiring the trustee to make a cash payment or periodic cash payments cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;

(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease or grant results in a decrease in the value of such entity's interest in such property the creditor's interest in the property; or

(3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

12.     Kimball is not adequately protected and the Debtor has not offered any adequate protection.   As its X-Ray detraction equipment may fairly be classified as cutting-edge technology, it will inevitably depreciate significantly in value through business competition and advancements in technology.   Debtor is not operating and did not operate in the 12 months before filing Chapter 11.  Debtor has also not offered any suggestion of the location at which the Tangible Assets are stored, or why they are stored there, other than listing the city, state and country in the Sales Procedures Motion.   It is unclear if Debtor has insurance, whether the Tangible Assets are secure, what individuals may have accessed the Tangible Assets, or what individuals will have access to these machines.   Importantly, Debtor contends the intellectual property involved in the machines is a separate asset.

13.     Besides lack of adequate protection, cause generally exists to allow relief from stay.   Section 362(d)(1) of the Bankruptcy Code does not define "cause" outside of citing lack of adequate protection as an example, but the Third Circuit has held that courts should consider "the totality of the circumstances in each particular case" to determine whether "cause" for relief from stay exists. *Baldino v. Wilson* (In re Wilson), 116 F.3d 87, 90 (3d Cir. 1997).   The bankruptcy courts in this District apply a hardship balancing test to assess the existence of "cause." *In re The*

*SCO Group, Inc.,* 395 B.R. 852, 856 (Bankr. D. Del. 2007); *see also In re Cont'l Airlines, Inc.,* 152 B.R. 420, 424 (D. Del. 1993). The three prongs of the balancing test are (1) whether any *great* prejudice to either the bankrupt estate or the debtor will result from lifting the stay; (2) whether the hardship to the non-bankrupt party by the maintenance of the stay considerably outweighs the hardship to the debtor if the stay is lifted; and (3) whether it is probable that the creditor will prevail on the merits of its case against the debtor. *In re Downey Fin. Corp.,* 428 B.R. 595, 609 (Bankr. D. Del. 2010); *In re Cont'l Airlines,* 152 B.R. at 424; *In re Rexene Prod. Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992).

14. Balancing the factors in the case at hand leads to the conclusion that stay relief should be granted. There is no significant prejudice in allowing relief from stay, if there is any prejudice at all. Debtor is not operating, does not intend to reorganize, and does not need the Tangible Assets. It simply seeks to include the Tangible Assets as a "pitch-in" to its sale of intellectual property. Kimball's interest in obtaining stay relief considerably outweighs what minimal, if any, hardship will fall to Debtor. Kimball, once again, is not adequately protected. Finally, there is no genuine dispute that Kimball's judgment lien attaches the Tangible Assets.

15. Section 362(d)(2) provides that relief from the automatic stay shall also be granted if "the debtor does not have an equity" in the in property at issue and the property is "not necessary for an effective reorganization." In this case, Debtors cannot refute that Kimball is undersecured and there is no equity in the Tangible Assets. Although not specifically defined, equity has been construed as meaning any value of property above all secured liens. *See In re Indiana Palms Assocs., Ltd.,* 61 F.3d 197, 208 (3d. Cir. 1995); *In re Cambridge Woodbridge Apartments, L.L.C.,* 292 B.R. 832, 841 (Bankr. N.D. Ohio 2003). Debtor contends it entered into

the Stalking Horse Asset Purchase Agreement with XSI, LLC at arm's length. In accordance with its fiduciary duties to the Estate, Debtor must concede it believes that the proposed purchase price in the Stalking Horse Bid, which is significantly less than half of Kimball's claim, is fair and reasonable consideration and represent a fair market value. While Kimball believes the value of the Tangible Assets is higher, it agrees they are less than the amount of Kimball's lien.

16.     Once a movant under Section 362(d) establishes that it is an undersecured creditor, it is the burden of the debtor to establish that the property is necessary for an effective reorganization. *See* 11 U.S.C. § 362(g); *United Savings Association v. Timbers of Inwood Forest Associates Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed 2d 740 (1988). As noted by the United States Supreme Court, this requires not just a showing that, if there is conceivably to be an effective reorganization, that property would be needed for it, but that the property is essential for an effective reorganization "*that is in prospect.*" *Id.* (emphasis original). This means that there must be a "reasonable possibility of a successful reorganization within a reasonable time." *Id.* "Regardless of the amount of time a case has been pending before relief from stay is requested, a court is required to grant relief under § 362(d)(2)(B) if there is 'lack of any realistic prospect of effective reorganization.'"*In re Holly's, Inc.* 140 B.R. 643, 702 (Bankr. W.D. Mich. 1992) (quoting *Timbers*, 484 U.S. at 376).

17.     Debtor cannot meet its burden of showing the Tangible Assets are necessary for an effective reorganization. Preliminarily, Debtor has no intention to continue operations, but rather to liquidate its assets. Thus, the Tangible Assets are not income producing and cannot generate additional money for the Estate. The Tangible Assets are so-far overencumbered that Debtor cannot possibly use them as collateral for financing while at the same time providing

Kimball with adequate protection as required by Section 364 of the Bankruptcy Code. Notably, Debtor maintains the "overwhelming majority" of its assets are in the form of intellectual property, not the Tangible Assets, and therefore it necessarily follows the "overwhelming minority" of its assets consist of the Tangible Assets. While Kimball believes this to be a dubious contention, Debtor is stuck with its position as an admission made in both its request for DIP Financing and in the Sales Procedures Motion.

18. Further, Bankruptcy Code Section 554(b) authorizes the Court to order abandonment of any property which is burdensome to the bankruptcy estate or of inconsequential value and benefit to the estate. In the present case, the Tangible Assets are (a) worth significantly less than the debt to Kimball, (b) depreciating, and (c) the Debtors have taken a position that they are inconsequential in value.

19. Finally, Debtor's post-petition lender, XSI LLC ("XSI"), an insider, has apparently declined to continue funding the Debtor's administrative expenses. Specifically, the Debtor has given "notice" that it no longer seeks a final order authorizing post-petition lending (Document No.122). This puts the entire sale procedure, which includes XSI's stalking horse bid, in limbo. In light of the fact that XSI's stalking horse bid includes a credit bid component which presumed that it would be loaning funds to the Debtor, XSI's credit bid rights are in doubt.

**WHEREFORE,** Kimball International, Inc. and Kimball Electronics, Inc. respectfully request the Court enter an Order granting Kimball the following relief:

(1) Terminating the automatic stay as to all assets subject to Kimball's Judgment Lien;

(2)     Directing Debtor to abandon all assets subject to Kimball's Judgment Lien; and

(3)     Grant Kimball all other just and proper relief.


Dated: July 15, 2011                          SMITH, KATZENSTEIN & JENKINS LLP

                                              /s/ Kathleen M. Miller
                                              Kathleen M. Miller (I.D. No. 2898)
                                              800 Delaware Avenue, 10th Floor
                                              P.O. Box 410
                                              Wilmington, DE 19899
                                              Telephone: 302-652-8400
                                              Telecopy: 302-652-8405
                                              E-mail: kmiler@skjlaw.com

                                              RUBIN & LEVIN, P.C.

                                              James E. Rossow Jr.
                                              Indiana Attorney No. 21063-29
                                              Christopher M. Trapp
                                              Indiana Attorney No. 27367-53
                                              500 Marott Center
                                              342 Massachusetts Avenue
                                              Indianapolis, IN 46204
                                              Telephone:  317-860-2893
                                              Telecopy:  317-453-8619
                                              E-mail:  jim@rubin-levin.net


                                              *Attorneys for Kimball International, Inc. and
                                              Kimball Electronics, Inc.*