# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| XSTREAM SYSTEMS, INC., | Case No. 11-11086 (CSS) |
| Debtor. | Re: Docket No. 126 |

## JOINT OBJECTION/REQUEST FOR ADJOURNMENT OF KIMBALL'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND ABANDONMENT

XStream Systems, Inc., as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor") and the Official Committee of Unsecured Creditors (the "Committee"), by and through their undersigned counsel, hereby object (the "Objection") to Kimball International, Inc.'s, and Kimball Electronics, Inc.'s (together, "Kimball") Motion for Relief from Automatic Stay and Abandonment (Docket No 126, the "Motion") and respectfully represent as follows:

1. On April 8, 2011, the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to manage and operate its business as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On June 21, 2011, the Debtor filed it Amended Motion of the Debtor for an Order (I) Approving Bidding Procedures for the Sale of the Debtor's Assets, and (II) Scheduling an Auction in Connection with the Sale (Docket No. 89, the "Sale Procedures Motion"). The Sale Procedures Motion was approved by an Order of this Court dated July 8, 2011 (Docket No. 115, the "Sale Procedures Order"). Pursuant to the Sale Procedures Order, the Debtor will conduct an auction of all its assets on August 8, 2011.

3. The Court has scheduled a hearing to confirm the auction for August 10, 2011.

4.      Kimball's representatives participated in the hearing on the Sale Procedures Motion and had reviewed the proposed Sale Procedures Order prior to it being submitted to the Court.

5.      Kimball has asserted a judgment lien in excess of $2.5 million against all the Debtor's physical assets either located in Florida or which had been located in Florida at any time since May 3, 2010 (collectively, the "Florida Assets"), which the Debtor has not contested.

6.      Pursuant to the Sale Procedures Order, Kimball is granted the ability to "credit bid" all or a portion of its judgment lien for the purchase of the Florida Assets. Accordingly, at the auction Kimball will either receive the Florida Assets or compensation for them in an amount to which it agrees (up to $2.5 million).

7.      The Debtor therefore asserts that the Motion is, at best, premature. Moreover, under the present circumstances Kimball cannot satisfy its burden to demonstrate that cause exists for the granting of its motion. The Florida Assets are part of the assets which purchasers are considering in a sale that is in process (and will be nearly concluded by the time of the hearing on this Motion.)

8.      If the Florida Assets are sold to Kimball at the auction, the Motion is moot. If the Florida Assets are sold to a third party, presumably Kimball will consent. (Kimball has the ability to raise its bid during the auction.) If for some unknown reason Kimball objects to the auction results, it will have the opportunity to contest them at the hearing to confirm the auction.

9.      Doing so will have the added benefit of judicial economy, in that the Court will not be forced to decide a dispute that may never be relevant – or at least is not fully ripe – and allow the parties to avoid drafting and filing papers on the issues. Thus, the Motion should be denied or adjourned until after the hearing to confirm the auction results. This adjournment will

allow the parties to brief and address any objection Kimball still has after the auction results are known. In addition, Kimball will not be prejudiced by a short delay.

WHEREFORE, the Debtor and the Committee respectfully request this Court deny the Motion or adjourn the Motion until a date after August 10, 2011, the date of the hearing to confirm the auction results.

[Signature Page Follows]

August 1, 2011  
Wilmington, Delaware

BAYARD, P.A.

*/s/ Jamie L. Edmonson*
Jamie L. Edmonson (No. 4247)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
Phone: (302) 655-5000
Fax: (302) 658-6395

GERSTEN SAVAGE, LLP
Paul Rachmuth
600 Lexington Avenue
New York, New York 10022
Telephone: (212) 752-9700
Facsimile: (212) 980-5192

*Counsel for the Debtors and Debtors in Possession*

- and -

THE ROSNER LAW GROUP LLC

*/s/ Julia B. Klein*
Julia B. Klein (DE 5189)
Frederick B. Rosner (DE 3995)
824 Market Street, Suite 810
Wilmington, DE 19801
Tel: (302) 777-1111

PERKINS COIE LLP
Schuyler G. Carroll, Esq.
Shan H. Haider, Esq.
30 Rockefeller Plaza, 25th Floor
New York, NY 10112
Tel: (212) 262-6900

*Counsel for the Official Committee of Unsecured Creditors*