| In re | Chapter 11 |
| XSTREAM SYSTEMS, INC.[1] | Case No. 11-11086-CSS |
| Debtor. | |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
SEEKING AN ORDER (I) PROHIBITING XSI LLC FROM CREDIT BIDDING; (II)
DISALLOWING AND EXPUNGING ALL CLAIMS ASSERTED BY XSI LLC; (III)
AVOIDING LIEN ASSERTED BY XSI LLC; (IV) COMPELLING XSI LLC TO PAY
DAMAGES FOR FAILING TO COMPLY WITH ITS OBLIGATIONS AND (V)
<u>SURCHARGING XSI LLC'S ASSERTED LIENS UNDER SECTION 506(C)</u>**

The Official Committee of Unsecured Creditors (the "Committee") of XStream Systems,

Inc. (the "<u>Debtor</u>"), by and through its undersigned counsel, hereby moves for an order of this

Court (i) Prohibiting XSI LLC ("XSI") from credit bidding; (ii) Disallowing and expunging all

claims asserted by XSI; (iii) Avoiding liens asserted by XSI; (iv) Compelling XSI to pay

damages for failing to comply with its obligations and (v) Surcharging XSI's asserted liens under

Section 506(c) of the Bankruptcy Code and respectfully represent as follows:

<u>**Preliminary Statement**</u>

1.      This Chapter 11 case was commenced at the behest of insiders of the Debtor who

decided to buy the Debtor's assets and use the bankruptcy process to wipe out its debts.  The

insider's formed XSI to buy the assets, resigned from the Debtor, leaving it with no management

and then caused the Debtor to file its Chapter 11 petition, along with a motion to approve DIP

financing from XSI and a sale to XSI.

2.      After the Court entered an order approving the bid procedures – an order which

XSI consented to – XSI apparently changed its mind and decided not to fund the DIP financing

and not to consummate the sale, despite the fact that nothing changed.  Unfortunately for XSI,

---

[1]      The last four digits of the Debtor's federal tax identification number are: 0466.  The Debtor's mailing
address for purpose of this case is 10305 102nd Terrace, Suite 101, Sebastian, FL 32958.

bankruptcy is not a game and XSI is not entitled to set a course, have the Debtor, estate constituents and the Court act in reliance on their actions and then say "Oops, just kidding." To the contrary, XSI is required to comply with its agreed upon obligations.

**Background**

3.      On April 8, 2011, the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtor continues to manage and operate its business as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.      On June 21, 2011, the Debtor filed its Amended Motion of the Debtor for an Order (I) Approving Bidding Procedures for the Sale of the Debtor's Assets, and (II) Scheduling an Auction in Connection with the Sale (Docket No. 89, the "Sale Procedures Motion").    The Sale Procedures Motion was filed at the direction of XSI.

5.      After the formation of the Committee, the Sale Procedures Motion was approved by this Court.  Thereafter, the parties, including XSI, reviewed the terms of a proposed order approving the Sale Procedures Motion and submitted that order to the Court on consent. That Order was entered on July 8, 2011 (Docket No. 115, the "Sale Procedures Order").  Pursuant to the Sale Procedures Order, the Debtor will conduct an auction of all its assets on August 8, 2011. A hearing to consider approval of the auction and sale is scheduled on August 10, 2011.

6.      In connection with the Sale Procedures Motion, XSI submitted an asset purchase agreement (the "APA") to purchase substantially all of the Debtor's assets.  The APA was annexed to the Sale Procedures Motion and formed the basis upon which the Debtor sought approval of the Sale Procedures Motion.  In fact, the bid procedures (annexed as an exhibit to the

Sale Procedures Order) make clear that if no other bids are submitted XSI will be the successful bidder.

## Relief Requested

7.     As a result of XSI's improper actions, the estate and its creditors have been damaged.  XSI should not be entitled to profit from its wrongdoing.  Accordingly, the Committee respectfully requests that this Court prohibit XSI from credit bidding.[2]  In addition, the estate is entitled to damages in an amount no less than the amount XSI agreed to pay in its APA and this Court should compel XSI to immediately pay the estate such amounts, offset the damages due from XSI against XSI's asserted claims and liens, disallow XSI's claims and avoid its liens.  Similarly, as an asserted secured creditor, since all of the actions taken to date have been to liquidate its collateral (and indeed, were taken at the direction of XSI and upon reliance on XSI's actions), this Court should surcharge XSI's collateral under Section 506(c) in the amount of all expenses and costs of administration of this Chapter 11 case.

## Conclusion

WHEREFORE, the Committee respectfully requests that this Court (a) enter an order (i) Prohibiting XSI from credit bidding; (ii) Disallowing and expunging all claims asserted by XSI; (iii) Avoiding the liens asserted by XSI; (iv) Compelling XSI to pay damages for failing to comply with its obligations and (v) surcharging XSI's asserted liens under section 506(c) of the Bankruptcy Code and (b) grant such other, further and different relief as this Court deems just and proper.

---

[2] In addition, the Committee believes that claims exist against XSI for, among other things, equitable subordination of its claims and to avoid XSI's lien under Section 547 of the Bankruptcy Code.  This motion is without prejudice to the assertion of such claims.

Dated: August 6, 2011
Wilmington, DE

Respectfully submitted,

**THE ROSNER LAW GROUP LLC**


*/s/ Julia Klein*
Julia B. Klein (DE 5189)
Frederick B. Rosner (DE 3995)
824 Market Street, Suite 810
Wilmington, DE 19801
Tel: (302) 777-1111
klein@teamrosner.com

-and-

Schuyler G. Carroll, Esq.
Shan H. Haider, Esq.
**PERKINS COIE LLP**
30 Rockefeller Plaza, 25th Floor
New York, NY 10112
Tel: (212) 262-6900
scarroll@perkinscoie.com

*Counsel to the Official Committee of
Unsecured Creditors*